UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 11-151-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 13-7322-DCR |
| V. ) | |
| ) | |
| RAYNARD MOSLEY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant/Movant. ) | **AND ORDER** |

*** *** *** ***

This matter is currently pending for consideration of Defendant Raynard Mosley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 29] Having considered Mosley's motion, the Court will deny the relief sought.

**I.**

In September 2011, Mosley was residing at 345 Wilson Street in Lexington, Kentucky. On September 28th, officers of the Lexington Police department searched the premises and found various amounts of crack and powder cocaine, marijuana, and approximately $3,498 in United States currency. Thereafter, a federal grand jury charged Mosley with two substantive counts of violating 21 U.S.C. § 841(a)(1). [Record No. 1] Prior to the scheduled trial date, the United States filed a notice of enhanced penalties pursuant to 21 U.S.C. § 851 based on Mosley's earlier drug convictions. [Record No. 9] As a result, Mosley faced enhanced penalties which included not less than ten years nor more than life imprisonment if convicted under Count 1. [*Id.*]

Mosley did not proceed to trial. Instead, on May 16, 2012, he moved the Court to be rearraigned for the purpose of entering a guilty plea to Count 1 of the Indictment. [Record Nos. 12, 15] At the time of his guilty plea, Mosley and the United States tendered a written Plea Agreement to the Court which outlined the elements the government would be required to prove if the matter proceeded to trial on Count 1. Further, in paragraph 3, the parties outlined the agreed facts supporting the defendant's guilty plea. And in paragraph 4, the parties summarized the maximum statutory punishment Mosely faced in light of his acknowledged prior felony drug convictions. [Record No. 22][1]

On November 20, 2012, Mosley was sentenced to a term of incarceration of 150 months based on his conviction under Count 1 of the Indictment. The Court ordered this sentence to run consecutive to the 37-month sentence imposed in Case No. 5: 05-CR-106. [Record No. 23] Pursuant to his agreement with the government, Mosely did not file a direct appeal following entry of the Judgment. However, contrary to paragraph 7 of the Plea Agreement, he now seeks to have the Court vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Mosley's motion was filed on November 22, 2013, or slightly less than one year after the judgment became final. Thus, the motion is timely for purposes of considering the relief sought.

## II.

Mosley makes two primary arguments in his § 2255 motion. First, he contends that he should not have been sentenced as a career offender under the Supreme Court's recent decisions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, 133 S.Ct.

---

[1] In exchange for the concessions made by the United States, Mosley waived the right to appeal and the right to collaterally attack his guilty plea, conviction, and sentence. [*See* Record No. 22; Plea Agreement, ¶ 7.]

2276 (2013). Next, Mosley alleges that his attorney provided ineffective assistance by failing to successfully challenge evidence recovered by police from a trash pull at his residence. According to Mosley, the subject evidence was obtained from a "shared trash container" which was "open and exposed to the public." He asserts that police trespassed by searching for evidence in this common area and had no reason for attributing the evidence obtained to him. [Record No. 29]

### A. Mosley Is Not Entitled To Collateral Relief Under Recent Decisions of the United States Supreme Court.

Mosley does not explain in any detail how the Supreme Court's holdings in *Alleyene* or *Descamps* apply to his case. Likewise, he does not contest the fact that, prior to the current conviction, he was convicted in the Fayette Circuit Court for trafficking in a controlled substance *i.e.*, cocaine (Case Number 92-CR-595), or in this Court for conspiring to knowingly and intentionally possess and distribute cocaine (Case Number 5: 05-106-KSF). Instead, he asserts that his prior convictions do not qualify as sentencing enhancements under United States Guideline Section 4B1.1 because "they are not categorically serious drug crimes." [Record No. 29, p. 5] Defendant Mosley was sentenced by now-retired United States District Judge Jennifer B. Coffman. A review of the transcript of the sentencing hearing held on November 20, 2012, clearly demonstrates that Mosely was not sentenced under the guidelines established for career offenders. Any argument to the contrary is clearly misplaced.

At the time of the sentencing hearing, the Court correctly calculated Mosley's guideline range of imprisonment under the United States Sentencing Guidelines as 262 to 327 months based upon his status as a career offender. [Record No. 36, p. 4] As the Sixth Circuit has held

on various occasions, correctly calculating a defendant's guideline range is the first step in the sentencing process. *See United States v. Wittingen*, 519, F.3d 633, 637-38 (6th Cir. 2008) (a district court is not bound by the parties' recommendations in a plea agreement but is obligated to correctly calculate the guideline range); *United States v. Davidson*, 409 F.3d 304, 311-12 (6th Cir. 2005) (same). However, a sentence within the defendant's guideline range was not imposed. Instead, the Court imposed a sentence of 150 months, to run consecutively to the 37 month sentence imposed for the defendant's violation of conditions of supervised release in Case No. 5: 5-106-KSF.

The rationale for this *significant sentence reduction* is outlined in the transcript of the sentencing hearing. While the sentencing judge agreed, in part, with the Assistant United States Attorney that a sentence within the guideline range was not merited by nature of the crime committed, she disagreed with Mosley's counsel that a minimum sentence of 120 months would be sufficient punishment for his crime. [*Id.*, pp. 14-21] After considering various sentencing factors contained in 18 U.S.C. § 3553, Judge Coffman concluded that "the sentence on the underlying offense has to be at least doubled" in comparison to Mosley's prior sentence of 70 months. In considering this reasoning and the Court's conclusion that a "guideline sentence is way to long," [*Id.*, p. 19] it is clear that Mosley's status as a career offender under the sentencing guidelines played little or no role in the ultimate sentence imposed. And while Mosely now attempts to downplay the seriousness of his conduct, the sentencing judge clearly disagreed in making the following observations at the time the defendant was sentenced:

> [The Court] Now, the question here is what's sufficient but not greater than necessary? Well these guidelines are a way. Given the circumstances of your case and given the sentences you've looked at before, given the – everything here,

> I think a sentence – the guideline sentence is way too long, and I don't hear real serious objection anywhere.
>
> I do think that you have to look at more time now than you did the last time you were in federal court. The last time you were in federal court you got 70 months. You just knocked that aside and continued your drug activity, getting into even more serious offenses. So it has to be at least higher than 70 months. And I don't – I think double is a good – is a good measure. It has to be at least double to get your attention this time. Because once again, I'm hearing your words, but that's not the last word on it. I'm looking at your action. And so I think your sentence on this underlying offense has to be at least doubled.
>
> The sentence on the underlying supervised release violation has to be run consecutive because only then can I show you that you have to have respect for the law. These probation officers are here to help you. That's the narrow picture.
>
> The broader picture here is that society is hurt, harmed badly, if you continue this activity. And so I've got to – I've got to create a sentence that's at least double what you got before. And for your supervised release violation, it has to be consecutive in my estimation.
>
> And so looking at all of that, looking at what will be – well, I should say one more thing. That you need to tell yourself the truth, and the truth is you've been a drug dealer for almost 20 years that we know of, and that you are undeterred by your convictions, and you're undeterred by your prison sentences. And that is – and you need to write that down, and you need to say it to yourself every day because it's the truth.
>
> And if you're saying something else to yourself, then you're lying to yourself. Now, forget lies to your family. You're lying to yourself. And you're a big boy. You need to take responsibility for your own actions.

[Id., pp. 19-20] Thus, while some could effectively argue that a sentence nearly 90 months *below* the correctly calculated guideline range would not accomplish the stated objectives of protecting the public and providing adequate deterrence to future criminal conduct, there can be no doubt that Defendant Mosley was not sentenced under the enhanced guideline range as a career offender.

In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[2] 133 S. Ct. at 2155. However, the Court did not indicate whether it intended for its holding to be given retroactive application. As a result, this Court must "decide retroactivity in the first instance." *Wiegand v. United States*, 380 F.3d 890, 893 (6th Cir. 2004).

Generally, a new rule of law decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). However, there are two exceptions to this rule. The retroactive application of a new rule is appropriate when:

> 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Green*, 144 F.3d 384, 386 (6th Cir. 1998).

The holding in *Alleyne* does not fall within either of these exceptions. The *Alleyne* Court did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. And the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure. *See Caspari v. Bohlen*, 510 U.S. 383, 396

---

[2] The Supreme Court has previously held that recidivism — *i.e.*, a defendant's record of prior convictions — is not an "element" of an offense and, therefore, does not need to be charged in the indictment or submitted to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 243-47 (1998); *see Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."). The *Alleyne* Court acknowledged this "narrow exception to the general rule for the fact of a prior conviction" and declined to revisit the holding in *Almendarez-Torres*. 133 S. Ct. at 2160 n.1.

(1994) (describing watershed rule as "a groundbreaking occurrence"); *Saffle v. Parks*, 494 U.S. 484, 495 (1990) ("Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U.S. 335 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception."). Further, as the Seventh Circuit has explained,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).

*Simpson v. United States*, No. 13-2373, 2013 U.S. App. LEXIS 13902, at *3 (7th Cir. July 10, 2013); *see also Affolter v. United States*, No. 4:13CV01413, 2013 U.S. Dist. LEXIS 104835, at *5 n.2 (E.D. Mo. July 26, 2013).

This Court has recognized on other occasions that the rule announced in *Alleyne* does not have retroactive effect. *See United States v. Graham*, 2013 U.S. Dist. LEXIS 115414 (Aug. 15, 2013). *See also Affolter*, 2013 U.S. Dist. LEXIS 104835, at *5 (declining to apply *Alleyne* as it "does not fall within either of the exceptions to the non-retroactivity rule"); *United States v. Eziolisa*, No. 3:10-cr-039, 2013 U.S. Dist.102150, at *6-8 (S.D. Ohio July 22, 2013) ("*Alleyne* does not apply retroactively to [this] case so as to extend the statute of limitations."); *United States v. Stanley*, No. 09-CR-0022-JHP, 2013 U.S. Dist. LEXIS 98943, at *20-21 (N.D. Okla. July 16, 2013) ("[B]ecause the Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, the Court declines to apply *Alleyne* in this section 2255 proceeding."); *see also United States v. Cantu-Rivera*, No. H-13-0797, 2013 U.S. Dist. LEXIS

103188, at *3 (S.D. Tex. July 24, 2013); *Smith v. Fed. Bureau of Prisons*, No. 9:13-384-RMG-BM, 2013 U.S. Dist. LEXIS 103643, at *9 n.2 (D.S.C. July 2, 2013). Thus, Mosley is not entitled to relief under *Alleyne*.

In addition to the fact that *Alleyne* should not be applied retroactively, its holding has no application here. In the present case, the only *facts* affecting the sentencing enhancements involved: (i) whether the quantity of crack cocaine involved in the offense equaled or exceeded 28 grams and (ii) whether Mosley had necessary, qualifying felony drug convictions. Mosley's admissions resolved any disputed issues. During the plea hearing held on May 16, 2012, Mosley admitted that he intended to distribute 28 or more grams of crack cocaine and that the United States could prove that fact if the matter proceeded to trial. [Record No. 34, pp. 23-24; Record No. 22, ¶ 3] Further, he acknowledged the fact of his prior felony drug convictions.

In addition to the foregoing reasons to deny the relief Mosley seeks, the Court notes that the rule announced in *Descamps v. United States*, 133 S.Ct. 2276 (2013), does not have retroactive effect and would not be applicable to the facts of this case in any event. *United States v. Patrick*, 2014 U.S. Dist. LEXIS 90097 at *8 (E.D. Ky. July 2, 2014) ("The holding in Descamps has no retroactive effect."); *Taylor v. United States*, 2014 U.S. Dist. LEXIS 101679 at *5 (W.D. Ky. July 25, 2014) (same). In *Descamps*, the Supreme Court described how courts should evaluate certain prior convictions under the Armed Career Criminal Act ("ACCA"). It noted that a prior conviction "qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id*. at 2281.

The Court in *Descamps* held that "sentencing courts may not apply the modified categorical approach" when determining whether a defendant's prior felony conviction qualifies

as a violent felony under the ACCA if "the crime of which the defendant was convicted has a single, indivisible set of elements." *Id*. at 2282. However, if the statute is "divisible" the modified categorical approach may be utilized. A divisible statute is one that "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile." *Id*. at 2281. "If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such at indictments and jury instructions to determine which alternative formed the basis fo the defendant's prior conviction." *Id*.[3]

Here, the United States complied with the requirements of 21 U.S.C. § 851 by providing the defendant with notice of the convictions used to enhance the statutory penalty applicable to his case. There is no dispute that the qualifying convictions met the definition of "felony drug" offenses. 21 U.S.C. §§ 802(17), (44). In short, the holding in *Descamps* is simply inapplicable even if it had retroactive effect.

2.  **Mosley Claim Of Ineffective Assistance Of Counsel Is Without Merit.**

In addition to incorrectly arguing that he was sentenced as a career offender, Mosley asserts that he is entitled to relief under 18 U.S.C. § 2255 due to ineffective assistance of his trial

---

[3] Mosley's companion argument that he should not have been sentenced as a career offender under the Department of Justice's new charging policy is also misplaced. Charging decisions of the Department of Justice do not fall within the ambit of matters warranting collateral relief. Simply put, the Department's new policy- regardless of whether it is wisely or foolishly applied – does not constitute a basis to set aside a correctly-imposed sentence. As the United States correctly notes in its response to Mosley's motion, "the Attorney General has no legal authority to determine or 'recommend' whether a defendant is a Career Offender because that determination is made solely by the Court based on the United States Sentencing Guidelines, the offense of conviction, and a defendant's criminal history." [Record No. 38]

counsel. More specifically, Mosley argues that his attorney was ineffective by not seeking to suppress evidence obtain by law enforcement during a "trash pull." [Record No. 29, p. 8] In support of his contention that police conduct violated his fourth and sixth amendment rights, Mosley cites *Kimmelman v. Morrison*, 477 U.S. 365 (1986), and *Bone v. Polk*, 441 Fed. Appx. 193 (4th Cir. 2011).[4] However, neither holding is applicable here.

In connection with this argument, Mosley was allowed to expand the record to include his affidavit. Through this affidavit, Mosley states that the trash containers from which evidence was taken were not located close to his house but were located near the curb. Further, he contends that it was not uncommon for others to place materials in the trash containers due to their placement. Thus, Mosley argues that the containers were not within the curtilage of his residence but were in a public area. As the United States points out in its response, the information supplied through Mosley's affidavit hurts, rather than helps, his argument that his Constitutional rights were violated by virtue of law enforcement's actions. If Mosley's factual assertions are correct, he would not have had a reasonable expectation of privacy in the materials in the trash containers placed at the curb for garbage collection. *California v. Greenwood*, 486 U.S. 35 (1988). Mosley cannot demonstrate that his attorney was ineffective by failing to file a motion that stood no chance of success. Thus, his claim fails under both prongs of *Strickland*.

---

[4] To prove ineffective assistance of counsel, Mosley must prove two distinct elements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. A defendant has the burden of proving both of *Strickland*'s prongs. *Strickland*, 466 U.S. at 687. Ultimately, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697).

In addition to the fact that Mosley's argument concerning the trash pull at his residence is legally without merit, he has also waived the right to assert it in this collateral proceeding. As set forth in paragraph 8 of his written Plea Agreement, Mosley waived the right to challenge his guilty plea, conviction and sentence in exchange for the concessions made by the government. [Record No. 22] And although Mosley has not argued that his guilty plea was not entered into voluntarily and knowingly, a review of the transcript of the hearing held on May 21, 2012, confirms that it was. [Record No. 34] The waiver, therefore, is valid and enforceable. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001).

Numerous courts have held that plea agreements and waivers were knowingly and intelligently entered even when a particular defendant was unaware how severely he would be sentenced. *See, e.g.*, *United States v. Smith*, 143 F. App'x 559, 561 (5th Cir. 2005) (rejecting defendant's claim that the failure to inform him of a potential career offender enhancement rendered his plea involuntary); *United States v. Wilhite*, 929 F.2d 702 (6th Cir. 1991) ("Concerns for due process do not require that a criminal defendant be placed on advance notice of the application of a career offender sentence under Guideline 4B1.1, so long as the defendant has, as he was in the instant case, been afforded an adequate opportunity to challenge the factual basis for applying the enhancement."); *Unites States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990) ("Because appellant was fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it, the fact that he did not know specifically that he would be subject to sentencing in [a particular] range does not mean that it was entered into unknowingly and unintelligently."); *United States*

*v. Brown*, No. 07-2309, 2010 U.S. Dist. LEXIS 76286, at *24 (W.D. Tenn. July 23, 2010) (noting that while the defendant "was not specifically advised, during the Rule 11 colloquy, about the potential for a career offender enhancements," his conviction would not have been overturned because "the presentence report afforded him reasonable notice that the judge would be considering the enhancement, and he was afforded the opportunity to be heard on the issue").

**III.**

Finally, the Court notes that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Under this standard, a Certificate of Appealability will not be issued. Mosley cannot show that jurists of reason would find the Court's procedural or substantive conclusions debatable or wrong.

**IV.**

Based on the foregoing reasoning and analysis, it is hereby

**ORDERED** as follows:

1. Defendant Raynard Mosley's petition to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 29] is **DENIED**. A separate Judgment shall issue this date.

2. A Certificate of Appealability shall not issue.

This 11th day of August, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge